# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donte Blocker

## DEFENDANTS
Karla Dennis, 2407 N West Street, Wilmington, DE 19802; Amazon.com Inc., d/b/a Amazon Flex, 410 Terry Ave North

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **New Castle**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ROMAN T. GALAS, Esquire
Simon & Simon
18 Campus Blvd.

Attorneys *(If Known)*
SALVATORE A. CLEMENTE, Esquire
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
2 Commerce Square, Suite 3100

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- [x] 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(a) (1) and (2)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE: Michele D. Hangley
DOCKET NUMBER: Philadelphia CCP 230100502

DATE: 4/12/2023
SIGNATURE OF ATTORNEY OF RECORD: *Roman Galas*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Donte Blocker 173 W 65th Avenue, Philadelphia, PA 19120__

Address of Defendant: __2407 N. West Street, Wilmington, DE; Amazon.com Inc., d/b/a Amazon Flex, 410 Terry Ave North, Seattle, WA 98144; Amazon.com Services LLC, FKA Amazon Fulfillment Services, Inc., 410 Terry Ave North, Seattle, WA 98144; Amazon Logistics, Inc., 410 Te__

Place of Accident, Incident or Transaction: __Frankford Ave & Clementine Street Philadelphia, PA 19134__

---

**RELATED CASE, IF ANY:**

Case Number: __Philadelphia CCP 230100502__   Judge: __Michele D. Hangley__   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __April 12, 2023__   __/s/ Roman Galas__   __207093__
                             *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*
                             Must sign here

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Roman Galas__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __April 12, 2023__   __/s/ Roman Galas__   __207093__
                             *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*
                             Sign here if applicable

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| DONTE BLOCKER | : | CIVIL ACTION |
| v. | : | |
| Amazon.com, Inc., et al | : | NO. 2:23-cv-00629-CFK |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 4/12/2023 | Roman T. Galas, Esquire | DONTE BLOCKER |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)467-4666 | (267)639-9006 | romangalas@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**

| BY: | Marc I. Simon, Esquire | Kane Daly, Esquire |
| --- | --- | --- |
| | Joshua A. Rosen, Esquire | Brittany Sturges, Esquire |
| | Matthew J. Zamites, Esquire | Roman Galas, Esquire |
| | Brian F. George, Esquire | Christopher Burruezo, Esquire |
| | Andrew Baron, Esquire | Anthony Canale, Esquire |
| | Joshua Baer, Esquire | Sam Gangemi, Esquire |
| | Michael K. Simon, Esquire | Abigail Boyd, Esquire |
| | Sam Reznik, Esquire | Paraskevoula Mamounas, Esquire |
| | Mary G. McCarthy, Esquire | Richard Santosusso, Esquire |
| | Harry Gosnear, Esquire | Rachel Rosenfeld, Esquire |
| | Daniel Ward, Esquire | Nicole Hatton, Esquire |
| | Christopher Green, Esquire | |

Attorney ID No.'s:  *201798*           ***Attorneys for Plaintiff***

18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

---

| | | |
| --- | --- | --- |
| Donte Blocker | : | UNITED STATES DISTRICT COURT |
| 173 W 65th Ave | : | FOR THE EASTERN DISTRICT OF |
| Philadelphia, PA 19120 | : | PENNSYLVANIA |
|            Plaintiff | : | |
|    v. | : | January Term 2023 |
| | : | |
| Karla Dennis | : | Case No. 2:23-cv-00629-CFK |
| 2407 N West Street | : | |
| Wilmington, DE 19802 | : | |
|            And | : | |
| Amazon.com Inc., d/b/a Amazon Flex | : | |
| 410 Terry Ave North, | | |
| Seattle, WA 98144 | : | |
|            And | : | |
| Amazon.com Services LLC | : | |
| FKA Amazon Fulfillment Services, Inc. | : | |
| 410 Terry Ave North, | | |
| Seattle, WA 98144 | : | |
|            And | : | |
| Amazon Logistics, Inc. | : | |
| 410 Terry Ave North, | : | |
| Seattle, WA 98144 | : | |
|            Defendants | : | |

**FOURTH AMENDED COMPLAINT**

1. Plaintiff, Donte Blocker ("Plaintiff"), is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Karla Dennis ("Defendant Dennis"), is a citizen of Delaware, residing at the address listed in the caption of this Complaint.

3. Defendant, Amazon.com Inc., d/b/a Amazon Flex ("Amazon Flex"), is an entity with a business address listed in the caption of this Complaint, which regularly conducts business in Philadelphia County.

4. Defendant, Amazon.com Services LLC FKA Amazon Fulfillment Services, Inc. ("Amazon.com"), is an entity with a business address listed in the caption of this Complaint, which regularly conducts business in Philadelphia County.

5. Defendant, Amazon Logistics, Inc. ("Amazon Logistics"; together with Amazon Flex and Amazon.com, the "Amazon Defendants"), is an entity with a business address listed in the caption of this Complaint, which regularly conducts business in Philadelphia County.

6. On or about November 27, 2021, at or about 5:00AM, Plaintiff was the operator of a motor vehicle traveling on Frankford Avenue, at or near the intersection with Clementine Street in Philadelphia, PA 19134, with no traffic control sign/device governing his approach through the intersection.

7. At or about the same date and time, a motor vehicle operated by Defendant Dennis, which was leased, insured, and/or otherwise under the control of and entrusted to Defendant Dennis by the Amazon Defendants (the "Amazon Flex Vehicle"), was traveling on Clementine Street, at or near the aforesaid intersection, with a stop sign governing his approach through the intersection.

8. Upon information and belief, the Amazon Flex Vehicle bore an Amazon Flex

logo and business name, and was being used for the business purpose(s) of the Amazon Defendants.

9. At or about the same date and time, the Amazon Flex Vehicle suddenly and without warning failed to stop for the governing stop sign, and failed to yield the right of way, and crashed into Plaintiff's vehicle.

10. At all times relevant hereto, including the time of the subject motor vehicle collision, Defendant Dennis was an agent, employee, and/or servant of the Amazon Defendants, and was operating the Amazon Flex Vehicle in the course and scope of his/her agency and/or employment with the Amazon Defendants.

11. Upon information and belief, in proceeding to crash into Plaintiff's vehicle, Defendant Dennis failed to adhere to the governing traffic sign, failed to maintain an assured clear distance from vehicles ahead, failed to pay adequate attention to his/her surroundings ahead, failed to ensure traffic ahead was clear, was in a hurry, and/or was simply fatigued and/or distracted.

12. The collective and individual acts, omissions, and failures detailed above and further below on the part of the Defendants were careless, negligent, and reckless.

13. The subject motor vehicle collision was proximately caused by the carelessness, negligence, and/or recklessness of the above-named Defendants, and not the result of any action or failure to act by Plaintiff.

14. As a direct and proximate result of the subject collision, Plaintiff sustained serious permanent personal injuries, including to his left shoulder, neck, right wrist, and back.

**COUNT I**
**Donte Blocker v. Defendant Karla Dennis; Amazon.com Inc., d/b/a Amazon Flex; Amazon.com Services LLC FKA Amazon Fulfillment Services, Inc.; and Amazon Logistics, Inc.**
**Personal Injury—Negligence & Respondeat Superior**

15. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

16. The carelessness, negligence, and/or recklessness of Defendant Dennis, which was the proximate cause of the subject motor vehicle collision and the resultant injuries and damages suffered by Plaintiff, included the following actions/inactions:

   a. Failure to exercise ordinary care to avoid a crash;

   b. Operating the Amazon Flex Vehicle without regard for the rights or safety of Plaintiff, and in such a manner as to strike Plaintiff's vehicle;

   c. Failing to keep a proper lookout for vehicular traffic ahead;

   d. Failing to adequately, sufficiently, and properly clear traffic to ensure it was safe to continuing proceeding forward;

   e. Failing to adhere to a governing stop sign;

   f. Failing to yield the right of way to vehicular traffic ahead, including Plaintiff;

   g. Failing to maintain proper distance between vehicles;

   h. Failing to have the Amazon Flex Vehicle under proper and adequate control;

   i. Operating the Amazon Flex Vehicle at a rate of speed that was dangerous and excessive under the circumstances;

   j. Violating the "assured clear distance ahead" rule;

   k. Failure to apply his/her brakes earlier to stop the Amazon Flex Vehicle to avoid the subject motor vehicle collision;

   l. Being inattentive to his/her duties as the operator of the Amazon Flex Vehicle;

   m. Failing to remain continually alert while operating the Amazon Flex Vehicle;

   n. Failing to perceive the highly apparent danger to Plaintiff, which his/her actions and/or inactions posed;

   o. Failing to be highly vigilant and maintain sufficient control of the Amazon Flex Vehicle and bring it to a stop on the shortest notice possible;

   p. Operating the Amazon Flex Vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

    q. Continuing to operate the Amazon Flex Vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a crash;

    r. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    s. Failing to exercise and adhere to proper safe and defensive driving practices as set forth in his/her driver training;

    t. Driving while fatigued;

    u. Driving while distracted; and

    v. Failing to operate said motor vehicle in a compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles including violations of Pennsylvania Motor Vehicle Code Sections 3111, 3112, 3310, 3321, 3322, 3323, 3324, 3333, 3361, 3714, 3736.

17. As a direct and proximate result of the negligent, careless, and/or reckless conduct of Defendant Dennis, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including to the right shoulder, right arm, right hand, back and left wrist, all to Plaintiff's great loss and detriment.

18. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

19. As an additional result of the negligent, careless, and/or reckless conduct of Defendant Dennis, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

20. As a direct result of the negligent, careless, and/or reckless conduct of Defendant Dennis, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject motor vehicle collision, and related expenses

5

including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

21. As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

22. Furthermore, the above-described conduct was outrageous, malicious, and exhibited a willful and wanton disregard for the safety of Plaintiff, and as a result, Plaintiff is entitled to and seeks herein punitive damages from Defendant Dennis.

23. The negligence, carelessness, recklessness, and/or malicious conduct on the part of Defendant Dennis, outlined above, occurred while Defendant Dennis was acting at all relevant times within the course and scope of his/her agency and/or employment with Amazon Flex, Amazon.com, and/or Amazon Logistics, and was the direct and proximate cause of the above-described collision and proximately resulting injuries and damages sustained by Plaintiff.

24. As such, Amazon Flex, Amazon.com, and/or Amazon Logistics are vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of the driver in causing the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

25. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Donte Blocker prays for judgment in his/her favor and against Defendants Dennis, Amazon Flex, Amazon.com, and Amazon Logistics in an amount in excess of Seventy-Five ($75,000.00) Dollars, plus punitive damages, plus all costs and other relief this

court deems just.

## COUNT II
### Donte Blocker v. Amazon.com Inc., d/b/a Amazon Flex
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

26. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

27. The carelessness and/or negligence of Amazon Flex, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

   a. Hiring, retaining, and permitting the driver to operate the Amazon Flex Vehicle without first properly and adequately qualifying him/her;

   b. Hiring, retaining, and permitting Defendant Dennis to operate the Amazon Flex Vehicle without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a vehicle on its behalf;

   c. Failing to provide proper, adequate, ongoing and/or remedial training, monitoring, and/or supervision to the driver, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings, avoiding in-vehicle distractions, and adherence to traffic signs;

   d. Failing to prevent the driver from endangering Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

   e. Retaining and permitting the driver to operate the Amazon Flex Vehicle when Amazon Flex knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Amazon Flex that the driver was incompetent and/or unfit to drive a motor vehicle on its behalf, capable of committing and likely to commit actions and inactions like those set forth above that would harm Plaintiff;

   f. Failing to properly and adequately train, monitor, and/or supervise Defendant Dennis to ensure he/she could manage collision-free encounters with Plaintiff;

   g. Unreasonably setting and assigning the driver a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

   h. Allowing and/or directing the driver to operate the Amazon Flex Vehicle while he/she

        was fatigued; and

    i. Failing to warn Plaintiff, that it knew or in the existence of due care and diligence should have known, that Plaintiff would be exposed to Defendant Dennis' negligent and/or careless operation of a vehicle on its behalf.

28. As a direct and proximate result of the negligent, and/or careless conduct of Amazon Flex, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including left shoulder, neck, right wrist, back, all to Plaintiff's great loss and detriment.

29. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

30. As an additional result of the carelessness, and/or negligence of Amazon Flex, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

31. As a direct result of the carelessness and/or negligence of Amazon Flex, Plaintiff suffered damage to his personal property, including the motor vehicle he/she was operating at the time of the subject left-turn crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

32. As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

33. Furthermore, the above-described conduct was outrageous, malicious, and exhibited a willful and wanton disregard for the safety of Plaintiff, and as a result, Plaintiff is

entitled to and seeks herein punitive damages from Amazon Flex.

34. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

35. WHEREFORE, Plaintiff prays for judgment in his/her favor and against Amazon Flex in an amount in excess of Seventy-Five ($75,000.00) Dollars, plus punitive damages, plus all costs and other relief this court deems just.

## COUNT III
### Donte Blocker v. Amazon.com Services LLC FKA Amazon Fulfillment Services, Inc.
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

36. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

37. The carelessness and/or negligence of Amazon.com which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

   a. Hiring, retaining, and permitting the driver to operate the Amazon Flex Vehicle without first properly and adequately qualifying him/her;

   b. Hiring, retaining, and permitting the driver to operate the Amazon Flex Vehicle without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a commercial truck;

   c. Failing to provide proper, adequate, ongoing and/or remedial training, monitoring, and/or supervision to the driver, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings, avoiding in-vehicle distractions, and adherence to traffic signs;

   d. Failing to prevent the driver from endangering Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or

9

      fatigued; and/or rushing and/or hurrying;

e. Retaining and permitting the driver to operate the Amazon Flex Vehicle when Defendant Amazon.com Services LLC FKA Amazon Fulfillment Services, Inc. knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Amazon.com Services LLC FKA Amazon Fulfillment Services, Inc. that the driver was incompetent and/or unfit to drive a commercial truck, capable of committing and likely to commit actions and inactions like those set forth above that would harm Plaintiff;

f. Failing to properly and adequately train, monitor, and/or supervise the driver to ensure he/she could manage collision-free encounters with Plaintiff;

g. Unreasonably setting and assigning the driver a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

h. Allowing and/or directing the driver to operate the Amazon Flex Vehicle while he/she was fatigued; and

i. Failing to warn Plaintiff that the driver knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to Defendant Dennis' negligent, and/or careless operation of the commercial truck.

38. As a direct and proximate result of the negligent, and/or careless conduct of Amazon.com, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including left shoulder, neck, right wrist, back, all to Plaintiff's great loss and detriment.

39. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

40. As an additional result of the carelessness, and/or negligence of Amazon.com, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

41. As a direct result of the carelessness and/or negligence of Amazon.com, Plaintiff suffered damage to his personal property, including the motor vehicle he/she was operating at the time of the subject left-turn crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

42. As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

43. Furthermore, the above-described conduct was outrageous, malicious, and exhibited a willful and wanton disregard for the safety of Plaintiff, and as a result, Plaintiff is entitled to and seeks herein punitive damages from Amazon.com.

44. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

45. WHEREFORE, Plaintiff prays for judgment in his/her favor and against Amazon.com in an amount in excess of Seventy-Five ($75,000.00) Dollars, plus punitive damages, plus all costs and other relief this court deems just.

## COUNT IV
### Donte Blocker v. Amazon Logistics, Inc.
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

46. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

47. The carelessness and/or negligence of Amazon Logistics, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages

11

sustained by Plaintiff, included the following actions/inactions:

a. Hiring, retaining, and permitting the driver to operate the Amazon Flex Vehicle without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

b. Hiring, retaining, and permitting the driver to operate the Amazon Flex Vehicle without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a commercial truck;

c. Failing to provide proper, adequate, ongoing and/or remedial training, monitoring, and/or supervision to the driver, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings, avoiding in-vehicle distractions, and adherence to traffic signs;

d. Failing to prevent the driver from endangering Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

e. Retaining and permitting the driver to operate the Amazon Flex Vehicle when Defendant Amazon Logistics, Inc. knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Amazon Logistics, Inc. that the driver was incompetent and/or unfit to drive a commercial truck, capable of committing and likely to commit actions and inactions like those set forth above that would harm Plaintiff;

f. Failing to properly and adequately train, monitor, and/or supervise the driver to ensure he/she could manage collision-free encounters with Plaintiff;

g. Unreasonably setting and assigning the driver a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

h. Allowing and/or directing the driver to operate the Amazon Flex Vehicle while he/she was fatigued; and

i. Failing to warn Plaintiff that the driver knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to Defendant Dennis' negligent, and/or careless operation of the commercial truck.

48. As a direct and proximate result of the negligent, and/or careless conduct of Amazon Logistics, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or

aggravation of pre-existing conditions and others ills and injuries including left shoulder, neck, right wrist, back, all to Plaintiff's great loss and detriment.

49. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

50. As an additional result of the carelessness, and/or negligence of Amazon Logistics, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

51. As a direct result of the carelessness and/or negligence of Amazon Logistics, Plaintiff suffered damage to his personal property, including the motor vehicle he/she was operating at the time of the subject left-turn crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

52. As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

53. Furthermore, the above-described conduct was outrageous, malicious, and exhibited a willful and wanton disregard for the safety of Plaintiff, and as a result, Plaintiff is entitled to and seeks herein punitive damages from Amazon Logistics.

54. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

55.  WHEREFORE, Plaintiff prays for judgment in his/her favor and against Amazon Logistics in an amount in excess of Seventy-Five ($75,000.00) Dollars, plus punitive damages, plus all costs and other relief this court deems just.

                              **SIMON & SIMON, PC**

BY: _____
        Marc I. Simon, Esquire
        Roman T. Galas, Esquire
        18 Campus Blvd., Suite 100
        Newtown Square, PA 19073
        215-467-4666
        *Attorneys for Plaintiff*

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon