**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONTE BLOCKER, | : | |
| | : | |
| Plaintiff, | : | No. 2:23-cv-00629-CFK |
| v. | : | |
| DENNIS KARLA, AMAZON.COM, INC. | : | |
| d/b/a AMAZON FLEX, AMAZON.COM | : | |
| SERVICES LLC f/k/a AMAZON | : | |
| FULFILLMENT SERVICES, INC., and | : | |
| AMAZON LOGISTICS, INC., | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____,2021, upon Plaintiff's

Motion to Compel Answers to Interrogatories and Request for Production of Documents, and any

responses thereto, Plaintiff's Motion is **GRANTED**.  It is hereby **ORDERED** that Defendants

Amazon.com Inc., d/b/a Amazon Flex, Amazon.com Services LLC, and Amazon Logistics, Inc.,

shall serve full and complete answers without objection to Plaintiff's Interrogatories and Request

for Production of Documents within twenty (20) days of this Order, or suffer appropriate sanctions

to be imposed upon further application to the Court.


BY THE COURT:


_____

J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONTE BLOCKER, | : | |
| | : | |
| Plaintiff, | : | No. 2:23-cv-00629-CFK |
| v. | : | |
| DENNIS KARLA, AMAZON.COM, INC. | : | |
| d/b/a AMAZON FLEX, AMAZON.COM | : | |
| SERVICES LLC f/k/a AMAZON | : | |
| FULFILLMENT SERVICES, INC., and | : | |
| AMAZON LOGISTICS, INC., | : | |
| Defendants. | : | |

## MOTION TO COMPEL DISCOVERY

Plaintiff Donte Blocker ("Plaintiff"), by his undersigned counsel, hereby moves the Court to enter an Order pursuant to Fed.R.Civ.P 37(a)(3)(B)(iii)-(iv), compelling DefendantsAmazon.com Inc., d/b/a Amazon Flex, Amazon.com Services LLC, and Amazon Logistics, Inc., (together, "Amazon"), to serve full and complete answers without objection to Plaintiff's Interrogatories and Request for Production of Documents. In support of this Motion, Plaintiff avers as follows:

1.      Plaintiff initiated this matter by filing a Complaint in the Philadelphia Court of Common Pleas on January 5, 2023, (Phila. CCP No. 230100502).  It seeks recovery for injuries and damages Plaintiff sustained in a November 27, 2021, motor vehicle collision that occurred when Defendant Karla, while driving a vehicle owned/controlled by Amazon in the course and scope of his employment with Amazon, negligently and carelessly failed to stop for a governing stop sign, and crashed into Plaintiff's vehicle.

2.      On or about February 17, 2023, Amazon removed this case to this Court.

3.      Plaintiff served Interrogatories to Defendant Amazon on June 8, 2023, and Request for Production of Documents on June 19, 2023. (*See* Disc. Requests & email serving same, attached as **Ex. A**).

4.      Pursuant to Fed.R.Civ.P. Rule 33(b)(2), responses to the Interrogatories and Request for Production of Documents were due within thirty (30) days of service, or by July 8, 2023 for Interrogatories, and by July 19, 2023 for Request for Production of Documents.

5.      On August 18, 2023, the Court issued an order (ECF No. 32) setting an Arbitration hearing on or about December 18, 2023, and directing that all discovery to be completed by the time of the Arbitration hearing.

6.      Your Honor's policies and procedures make plain that the parties are to commence with -- and cooperate in -- discovery immediately, without waiting for a Rule 16 conference or for resolution of a motion to dismiss:

> Parties should begin discovery as soon as permitted under the relevant Rules, without waiting for the Rule 16 conference to be held. . . . In most instances, the initial set of interrogatories and requests for production of documents should have been served on each of the respective parties and either answered or soon to be answered by the time of the Rule 16 conference. . . . Further, parties should not delay commencing discovery due to the pendency of a motion to dismiss, except where the motion could result in complete dismissal.

7.      With no responses to Plaintiff's discovery requests, consistent with Your Honor's above admonition as to immediate commencement of discovery on August 21, 2023, the undersigned contacted Amazon counsel regarding the outstanding discovery responses. Despite Your Honor's above admonitions, Amazon counsel took the position that

> [D]iscovery is not deemed to be served until the Rule 16 Conference.  There was no Rule 16 conference, so technically, the date of service is today. conferred and agreed to provide responses within 30 days, pursuant to Fed.R.Civ.P 26(d).

 (*See* 8/21/2023 emails, attached as Ex. B).

8.      Nonetheless, in lieu of bringing motion practice and in a good faith spirit of compromise, the undersigned agreed to Amazon producing discovery responses within the 30 days that followed. (*See id*.).

2

9.     Amazon, however, did not serve responses to Interrogatories and Request for Production of Documents in accordance with that agreement.  As such, the undersigned contacted Amazon counsel on September 25, 2023, advising that said answers were past due, and requesting full and complete responses. (*See* 8/25/2023 emails, attached as Ex. C)

10.     On October 3, 2023, having still received no responses from Amazon, the undersigned sent another email to defense counsel notifying them that this Motion would be forthcoming. (*See* 10/3/2023 email, attached as Ex. D). Amazon never responded.

11.     With still no response of any kind, the undersigned sent Amazon counsel a final email this morning, advising that the instant motion would be filed today. (*See* 10/6/2023 email, attached as Ex. E). Amazon never responded.[1]

12.     In sum, Amazon has lodged no objection and provided no response of any kind to date to Plaintiff's Interrogatories and Request for Production of Documents, and responses are now more than 3 months overdue.

13.     Plaintiff thus seeks an Order of this Court pursuant to Fed.R.Civ.P 37(a)(3)(B)(iii) and Fed.R.Civ.P 37(a)(3)(B)(iv) compelling Defendant Amazon to answer said Interrogatories and Requests for Production of Documents.

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached Order compelling Amazon to serve full and complete answers without objection to Plaintiff's Interrogatories and Request for Production of Documents, or suffer appropriate sanctions to be imposed upon further application to the Court.

**SIMON & SIMON, P.C.**

BY: _____

Roman T. Galas, Esquire

---

[1] While being unbothered with its discovery obligations, Amazon has nonetheless managed to (1) draft and serve requests upon Plaintiff (to which Plaintiff responded), and (2) draft an overbroad subpoena notice, to which the undersigned has objected on the ground that they contain an unlimited timeframe.

*Attorneys for Plaintiff*

Date  __October 9, 2023_____

## **CERTIFICATION OF SERVICE**

I certify that service of the within Motion was made on the date below through electronic filing on October 9, 2023:

*ALL counsel for defendants via electronic filing*


BY:_____

                Marc I. Simon, Esquire
                Roman T. Galas, Esquire
                *Attorneys for Plaintiff*

# EXHIBIT A

## Christina Janda

| | |
|---|---|
| **From:** | Olivia McCarthy |
| **Sent:** | Thursday, June 8, 2023 11:01 AM |
| **To:** | Lauren.Orner@wilsonelser.com; Maria.Perri-Quinn@wilsonelser.com |
| **Cc:** | Roman Galas; Christina Janda |
| **Subject:** | Blocker v. Dennis, et al. |
| **Attachments:** | (Donte Blocker) ROGs to Def Amazon.com Services, LLC, fka Amazon Fulfillment Services, Inc..pdf; (Donte Blocker) ROGs to Def Amazon.com, Inc., dba Amazon Flex.pdf; (Donte Blocker) ROGs to Def Amazon Logistics, Inc..pdf; (Donte Blocker) Cover Letter Req Disc.pdf; (Donte Blocker) ROGs to Def Amazon.com Services, LLC, fka Amazon Fulfillment Services, Inc..docx; (Donte Blocker) ROGs to Def Amazon.com, Inc., dba Amazon Flex.docx; (Donte Blocker) ROGs to Def Amazon Logistics, Inc..docx; (Donte Blocker) Cover Letter Req Disc.docx |

Morning,

Attached please find the enclosed Interrogatories.

Thank you,

**Olivia McCarthy -** Litigation
**Simon & Simon, PC**
**\*18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
Phone: 215-Go-Simon (215-467-4666)
Fax: 267-639-9006
OliviaMcCarthy@gosimon.com -  www.gosimon.com

*NOTE: The information contained in this e-mail and any attachments are strictly confidential. If you are not the intended recipient, please notify the sender immediately and do not disclose copy or store or use the e-mail and/or attachments for any purpose.* **Please think before you print. Save the earth!**



Marc I. Simon, Esquire ♦
Michelle Skalsky-Simon, Esquire (Retired)
Joshua A. Rosen, Esquire ~
Matthew J. Zamites, Esquire ~
Brian F. George, Esquire ♦♦
Michael K. Simon, Esquire ~
McCarthy, Esquire ~
Joshua D. Baer, Esquire ~
Amanda Nese, Esquire ~
Ashley Henkle, Esquire ~
Brittany Sturges, Esquire ~
Daniel Ward, Esquire ♦
Carleigh Baldwin, Esquire++
Roman Galas, Esquire ♦
Ryan Flaherty, Esquire ~
Samuel Gangemi, Esquire♦
Paraskevoula Mamounas, Esquire +++

Kane Daly, Esquire ~
Anthony Canale, Esquire ♦
Richard Santosusso, Esquire ♦
Harry Gosnear, Esquire ♦
Christopher Green, Esquire ♦   Mary G.
Abigail Boyd, Esquire~
Andrew Baron, Esquire~
Charles Williams, Esquire ♦
Christopher Burruezo, Esquire ♦
Jessica Thimons, Esquire ~
Sam Reznik, Esquire ~
Mackenzie Bince, Esquire++
Edward Costello, Esquire+
Katherine Rice, Esquire~
Rachel Rosenfeld, Esquire ♦
Nicole Hatton, Esquire ♦

**Headquarters**

18 Campus Blvd | Suite 100
Newtown Square, PA 19073
Tel: (215) 467-4666 | Fax: (267) 639-9006

~ Licensed in PA
♦ Licensed to practice in PA & NJ
♦♦ Licensed to practice in PA & MA
+ Licensed to practice in NJ
++ Licensed to practice in MA
+++ Licensed to practice in PA, NY &NJ

marcsimon@gosimon.com
www.gosimon.com

June 8, 2023

**Via Electronic Mail**
Lauren B. Orner, Esquire
Maria G. Perri-Quinn, Esquire
Lauren.Orner@wilsonelser.com
Maria.Perri-Quinn@wilsonelser.com

Re: *Blocker v. Dennis, et al.*
Case No.: 2:23-cv-00629-CFK

Sir/Madam:

Please find the enclosed Interrogatories.

Simon & Simon, P.C.

*Marc I. Simon*

Marc I. Simon, Esquire

ADDITIONAL OFFICES
PHILADELPHIA |2 Logan Square | Suite 300 | Philadelphia, PA 19103 | Tel: (215) 467-4666
CAMDEN |401 Market Street | PO Box 807 | Camden, NJ 08101 | Tel: (856) 457-6393
PITTSBURGH | 500 Grant Street | Suite 2900 | Pittsburgh, PA 15219 | Tel: (412) 360-7257
ERIE | 1001 State Street | Suite 1400 | Erie, PA 16501 | Tel: (814) 240-5190
BOSTON | 100 Cambridge St | 14th Floor | Boston, MA 02114 | Tel: (857) 233-0559
DORCHESTER| 1452 Dorchester Ave 3rd Floor | Dorchester, MA | Tel: (617) 264-0605

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONTE BLOCKER, | : | |
| | : | |
| | : | No. 2:23-cv-00629-CFK |
| Plaintiff(s), | : | |
| v. | : | |
| | : | |
| KARLA DENNIS, ET AL., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT
AMAZON.COM SERVICES, LLC F/K/A AMAZON FULFILLMENT SERVICES, INC.**

Plaintiff hereby serves these Interrogatories to Defendant AMAZON.COM SERVICES,

LLC F/K/A AMAZON FULFILLMENT SERVICES, INC. ("Defendant") and requests that

Defendant answer same in writing and under oath and provide said answers to the undersigned

counsel in accordance with Fed. R. Civ. P. 33.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Document," whether singular or plural, means documents and other tangible
things defined in the broadest sense permitted by the applicable rules and shall include without
limitation originals or, if such are not available, true copies, including copies of documents,
videotapes, computer data, and sound material.

2.      "Person" means any natural person, corporation, partnership, association,
governmental entity, agency, group, organization, etc.

3.      "You" and "your" refer to you, the Company named as a defendant in the above
action.

4.      "Subject Collision" is defined to mean the motor vehicle collision complained of
in Plaintiff's Complaint.

5.      The "Defendant DRIVER" is defined to mean the driver alleged in Plaintiff's
Complaint to be acting as your agent/employee at the time of the Subject Collision.

6.      "Subject Vehicle" is defined to mean the motor vehicle being operated by the
Defendant DRIVER at the time of the Subject Collision.

7.      These interrogatories shall be deemed continuing so as to require Defendant to serve supplemental answers if Defendant or his attorneys obtain further information between the time the answers are served and the time of trial.

8.      Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insures, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "You" or "Your" the question is also directed to each of the aforementioned persons.

9.      If Defendant elects to produce documents in lieu of a response to an Interrogatory, all documents are to be produced, organized and labeled to correspond with the category of document in each Interrogatory. Each Interrogatory shall be responded to individually and Defendant shall provide a complete set of responsive documents for each Interrogatory response without cross-reference or incorporation, and without regard to documents responsive to one request being duplicative of any other request.

10.     If a privilege is asserted as a ground for disclosure of any information or documents that are responsive to one or more of the Interrogatories herein, Defendant shall provide adequate information with enough specificity to permit Plaintiff to evaluate the claim of privilege. Without limiting the generality of the foregoing, with respect to each document for which a privilege is asserted, Defendant is to state in writing as to each such document:

    a.      the location of the document or information,

    b.      the date of the document or information;

    c.      the identity of every Person who prepared, produced or reproduced, or who received copies of the document or who has personal knowledge of the allegedly privileged information;

    d.      a description of each such document or information sufficient to identify it and to disclose the nature of its contents; and

    e.      the factual and legal basis for the claim of privilege.

11.     If an objection is made to any Interrogatory herein, for whatever reason, as a ground for withholding information or document or documents that exists and is responsive to one or more of the Interrogatories herein, Defendant is to provide in writing as to each such document withheld:

    a.      the location of the document or information;

    b.      the date of the document;

    c.      the identity of every person who prepared, produced or reproduced, or who received copies of the document or who has personal knowledge of the information;

> d.    a description of each such document or information sufficient to identify it and to disclose the nature of its contents; and

> e.    the factual and legal basis for the objection sufficient to allow Plaintiff to evaluate the validity of the objection in light of the nature of the information being withheld.

**12.    Defendant shall include each Interrogatory in full immediately prior to each corresponding answer.**

## INTERROGATORIES

## COMPANY

1.    Identify your Safety Director/Chief Safety Officer on the date of the Subject Collision and now, and the Defendant DRIVER's trainer, supervisor, and manager on the date of the Subject Collision and now.
**ANSWER:**

## VEHICLE

2.    With respect to the Subject Vehicle, identify the following information:

a.    The registered owner, lessor (if any), and lessee (if any) on the date of the Subject Collision and presently.

b.    The make, model, year, identification number, mileage, and gross weight at the time of the Subject Collision;

c.    All systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other Person or entity, or that otherwise had the capability to monitor, record, and/or transmit data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, Geologic, Geotab, Cheetah, Xata, PeopleNet or similar system, any collision or lane departure warning system, any driver safety monitoring or hours of service monitoring system, any transponders or tachographs, any onboard cameras or video devices, any bar code or toll pass systems, and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems); and state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the Person who has custody of the data and of the system from which the data was acquired.

d.    All maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

**ANSWER:**


## TRIPS, COMMUNICATIONS, AND HOURS OF SERVICE

3. With respect to the trip that the Defendant DRIVER was on at the time of the Subject Collision, identify the following information:

  a. All shippers and brokers involved;

  b. The contents, weight, and intended recipient(s) of the load the Defendant DRIVER was hauling;

  c. The route the Defendant DRIVER followed from the point of origin to the location of the Subject Collision and intended to follow, including the point of origin and destination, and the location, time, duration and reason for each stop Defendant DRIVER made from the time he departed until the time of the Subject Collision.

**ANSWER:**


4. Identify and explain all Communications of any kind between the Defendant DRIVER and anyone acting for you or on your behalf during the 24 hours before and after the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.
**ANSWER:**


5. With respect to the Defendant DRIVER's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, identify all HOS violations and/or driving log errors of which You are aware, and explain what You have done, if anything, to audit or verify the accuracy of the Defendant DRIVER's logs, including the name of all Persons involved in the process, and all Documents and data of any kind that were used to accomplish same.
**ANSWER:**


6. For the 72 hours leading up to the Subject Collision, with respect to the Defendant DRIVER, identify the following:

  a. All driving and on-duty not driving (location and activities) hours, including all stops (time and location) and the reason for them;

  b. When and where the Defendant DRIVER slept and/or ate meals; and

  c. Any health issues that affected or could have affected the Defendant DRIVER's ability to drive in any way in the 72 hours leading up to the subject collision, and any medications, whether prescription or over the counter (including dosages)

that were ingested.

**ANSWER:**

## DRIVER

7.      With respect to the Defendant DRIVER, identify the following:

   a.  The relationship between you and the Defendant DRIVER at the time of the Subject Collision (e.g., leased driver, company driver, etc.), including whether said driver was operating in the course and scope of their employment/agency with you;

   b.  How the Defendant DRIVER was paid for driving (by hour, by load, by mile, salary or other);

   c.  All steps you undertook to qualify the Defendant DRIVER to operate a motor vehicle on your behalf, and all training, education (including on the job training), and disciplinary and/or counseling actions (formal or informal), provided by you or on your behalf to the Defendant DRIVER at any time and in any way related to the operation of a motor vehicle;

   d.  All traffic violations and/or motor vehicle collisions involving the Defendant DRIVER, either while in Your employ or in previous employment, including the date, location, jurisdiction, names of other parties involved a brief description of the circumstances thereof, and any assessment of fault and/or preventability/avoidability made as to same; and

   e.  When your relationship with the Defendant DRIVER began and ended, including the date and circumstances of any separation, including whether he was terminated, and the basis of any termination.

**ANSWER:**

8.      If the Defendant DRIVER had ever been disqualified from driving a motor vehicle while in your employ, describe when and under what circumstances.
**ANSWER:**

9.      State the name and address of the person answering these Interrogatories and identify his/her relationship to Defendant.
**ANSWER:**

**SIMON & SIMON, P.C.**

_____

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONTE BLOCKER, | : | |
| | : | |
| | : | No. 2:23-cv-00629-CFK |
| Plaintiff(s), | : | |
| v. | : | |
| | : | |
| KARLA DENNIS, ET AL., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT**
**AMAZON.COM, INC. D/B/A AMAZON FLEX**

Plaintiff hereby serves these Interrogatories to Defendant AMAZON.COM, INC. D/B/A

AMAZON FLEX ("Defendant") and requests that Defendant answer same in writing and under

oath and provide said answers to the undersigned counsel in accordance with Fed. R. Civ. P. 33.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the applicable rules and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

2.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

3.      "You" and "your" refer to you, the Company named as a defendant in the above action.

4.      "Subject Collision" is defined to mean the motor vehicle collision complained of in Plaintiff's Complaint.

5.      The "Defendant DRIVER" is defined to mean the driver alleged in Plaintiff's Complaint to be acting as your agent/employee at the time of the Subject Collision.

6.      "Subject Vehicle" is defined to mean the motor vehicle being operated by the Defendant DRIVER at the time of the Subject Collision.

7.      These interrogatories shall be deemed continuing so as to require Defendant to serve supplemental answers if Defendant or his attorneys obtain further information between the time the answers are served and the time of trial.

8.      Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insures, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "You" or "Your" the question is also directed to each of the aforementioned persons.

9.      If Defendant elects to produce documents in lieu of a response to an Interrogatory, all documents are to be produced, organized and labeled to correspond with the category of document in each Interrogatory. Each Interrogatory shall be responded to individually and Defendant shall provide a complete set of responsive documents for each Interrogatory response without cross-reference or incorporation, and without regard to documents responsive to one request being duplicative of any other request.

10.     If a privilege is asserted as a ground for disclosure of any information or documents that are responsive to one or more of the Interrogatories herein, Defendant shall provide adequate information with enough specificity to permit Plaintiff to evaluate the claim of privilege. Without limiting the generality of the foregoing, with respect to each document for which a privilege is asserted, Defendant is to state in writing as to each such document:

    a.      the location of the document or information,

    b.      the date of the document or information;

    c.      the identity of every Person who prepared, produced or reproduced, or who received copies of the document or who has personal knowledge of the allegedly privileged information;

    d.      a description of each such document or information sufficient to identify it and to disclose the nature of its contents; and

    e.      the factual and legal basis for the claim of privilege.

11.     If an objection is made to any Interrogatory herein, for whatever reason, as a ground for withholding information or document or documents that exists and is responsive to one or more of the Interrogatories herein, Defendant is to provide in writing as to each such document withheld:

    a.      the location of the document or information;

    b.      the date of the document;

    c.      the identity of every person who prepared, produced or reproduced, or who received copies of the document or who has personal knowledge of the information;

     d.     a description of each such document or information sufficient to identify it and to disclose the nature of its contents; and

     e.     the factual and legal basis for the objection sufficient to allow Plaintiff to evaluate the validity of the objection in light of the nature of the information being withheld.

**12.**    **Defendant shall include each Interrogatory in full immediately prior to each corresponding answer.**

### INTERROGATORIES

### COMPANY

1.    Identify your Safety Director/Chief Safety Officer on the date of the Subject Collision and now, and the Defendant DRIVER's trainer, supervisor, and manager on the date of the Subject Collision and now.

**ANSWER:**

### VEHICLE

2.    With respect to the Subject Vehicle, identify the following information:

     a.     The registered owner, lessor (if any), and lessee (if any) on the date of the Subject Collision and presently.

     b.     The make, model, year, identification number, mileage, and gross weight at the time of the Subject Collision;

     c.     All systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other Person or entity, or that otherwise had the capability to monitor, record, and/or transmit data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module,  Brake Control Module, Electronic On-Board Recorder, VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, Geologic, Geotab, Cheetah, Xata, PeopleNet or similar system, any collision or lane departure warning system, any driver safety monitoring or hours of service monitoring system, any transponders or tachographs, any onboard cameras or video devices, any bar code or toll pass systems, and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems); and state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the Person who has custody of the data and of the system from which the data was acquired.

     d.     All maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

**ANSWER:**


### TRIPS, COMMUNICATIONS, AND HOURS OF SERVICE

3.      With respect to the trip that the Defendant DRIVER was on at the time of the Subject Collision, identify the following information:

      a.   All shippers and brokers involved;

      b.   The contents, weight, and intended recipient(s) of the load the Defendant DRIVER was hauling;

      c.   The route the Defendant DRIVER followed from the point of origin to the location of the Subject Collision and intended to follow, including the point of origin and destination, and the location, time, duration and reason for each stop Defendant DRIVER made from the time he departed until the time of the Subject Collision.

**ANSWER:**


4.      Identify and explain all Communications of any kind between the Defendant DRIVER and anyone acting for you or on your behalf during the 24 hours before and after the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.
**ANSWER:**


5.      With respect to the Defendant DRIVER's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, identify all HOS violations and/or driving log errors of which You are aware, and explain what You have done, if anything, to audit or verify the accuracy of the Defendant DRIVER's logs, including the name of all Persons involved in the process, and all Documents and data of any kind that were used to accomplish same.
**ANSWER:**


6.      For the 72 hours leading up to the Subject Collision, with respect to the Defendant DRIVER, identify the following:

      a.   All driving and on-duty not driving (location and activities) hours, including all stops (time and location) and the reason for them;

      b.   When and where the Defendant DRIVER slept and/or ate meals; and

      c.   Any health issues that affected or could have affected the Defendant DRIVER's ability to drive in any way in the 72 hours leading up to the subject collision, and any medications, whether prescription or over the counter (including dosages)

that were ingested.

**ANSWER:**

## DRIVER

7.      With respect to the Defendant DRIVER, identify the following:

    a.  The relationship between you and the Defendant DRIVER at the time of the Subject Collision (e.g., leased driver, company driver, etc.), including whether said driver was operating in the course and scope of their employment/agency with you;

    b.  How the Defendant DRIVER was paid for driving (by hour, by load, by mile, salary or other);

    c.  All steps you undertook to qualify the Defendant DRIVER to operate a motor vehicle on your behalf, and all training, education (including on the job training), and disciplinary and/or counseling actions (formal or informal), provided by you or on your behalf to the Defendant DRIVER at any time and in any way related to the operation of a motor vehicle;

    d.  All traffic violations and/or motor vehicle collisions involving the Defendant DRIVER, either while in Your employ or in previous employment, including the date, location, jurisdiction, names of other parties involved a brief description of the circumstances thereof, and any assessment of fault and/or preventability/avoidability made as to same; and

    e.  When your relationship with the Defendant DRIVER began and ended, including the date and circumstances of any separation, including whether he was terminated, and the basis of any termination.

**ANSWER:**

8.      If the Defendant DRIVER had ever been disqualified from driving a motor vehicle while in your employ, describe when and under what circumstances.

**ANSWER:**

9.      State the name and address of the person answering these Interrogatories and identify his/her relationship to Defendant.

**ANSWER:**

**SIMON & SIMON, P.C.**

_____

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONTE BLOCKER, | : | |
| | : | |
| | : | No. 2:23-cv-00629-CFK |
| Plaintiff(s), | : | |
| v. | : | |
| | : | |
| KARLA DENNIS, ET AL., | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## AMAZON LOGISTICS, INC.

Plaintiff hereby serves these Interrogatories to Defendant AMAZON LOGISTICS, INC.

("Defendant") and requests that Defendant answer same in writing and under oath and provide

said answers to the undersigned counsel in accordance with Fed. R. Civ. P. 33.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the applicable rules and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

2.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

3.      "You" and "your" refer to you, the Company named as a defendant in the above action.

4.      "Subject Collision" is defined to mean the motor vehicle collision complained of in Plaintiff's Complaint.

5.      The "Defendant DRIVER" is defined to mean the driver alleged in Plaintiff's Complaint to be acting as your agent/employee at the time of the Subject Collision.

6.      "Subject Vehicle" is defined to mean the motor vehicle being operated by the Defendant DRIVER at the time of the Subject Collision.

7.     These interrogatories shall be deemed continuing so as to require Defendant to serve supplemental answers if Defendant or his attorneys obtain further information between the time the answers are served and the time of trial.

8.     Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insures, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "You" or "Your" the question is also directed to each of the aforementioned persons.

9.     If Defendant elects to produce documents in lieu of a response to an Interrogatory, all documents are to be produced, organized and labeled to correspond with the category of document in each Interrogatory. Each Interrogatory shall be responded to individually and Defendant shall provide a complete set of responsive documents for each Interrogatory response without cross-reference or incorporation, and without regard to documents responsive to one request being duplicative of any other request.

10.    If a privilege is asserted as a ground for disclosure of any information or documents that are responsive to one or more of the Interrogatories herein, Defendant shall provide adequate information with enough specificity to permit Plaintiff to evaluate the claim of privilege. Without limiting the generality of the foregoing, with respect to each document for which a privilege is asserted, Defendant is to state in writing as to each such document:

   a.     the location of the document or information,

   b.     the date of the document or information;

   c.     the identity of every Person who prepared, produced or reproduced, or who received copies of the document or who has personal knowledge of the allegedly privileged information;

   d.     a description of each such document or information sufficient to identify it and to disclose the nature of its contents; and

   e.     the factual and legal basis for the claim of privilege.

11.    If an objection is made to any Interrogatory herein, for whatever reason, as a ground for withholding information or document or documents that exists and is responsive to one or more of the Interrogatories herein, Defendant is to provide in writing as to each such document withheld:

   a.     the location of the document or information;

   b.     the date of the document;

   c.     the identity of every person who prepared, produced or reproduced, or who received copies of the document or who has personal knowledge of the information;

d.     a description of each such document or information sufficient to identify it and to disclose the nature of its contents; and

e.     the factual and legal basis for the objection sufficient to allow Plaintiff to evaluate the validity of the objection in light of the nature of the information being withheld.

**12.    Defendant shall include each Interrogatory in full immediately prior to each corresponding answer.**

## INTERROGATORIES

## COMPANY

1.    Identify your Safety Director/Chief Safety Officer on the date of the Subject Collision and now, and the Defendant DRIVER's trainer, supervisor, and manager on the date of the Subject Collision and now.

**ANSWER:**

## VEHICLE

2.    With respect to the Subject Vehicle, identify the following information:

a.     The registered owner, lessor (if any), and lessee (if any) on the date of the Subject Collision and presently.

b.     The make, model, year, identification number, mileage, and gross weight at the time of the Subject Collision;

c.     All systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other Person or entity, or that otherwise had the capability to monitor, record, and/or transmit data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, Geologic, Geotab, Cheetah, Xata, PeopleNet or similar system, any collision or lane departure warning system, any driver safety monitoring or hours of service monitoring system, any transponders or tachographs, any onboard cameras or video devices, any bar code or toll pass systems, and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems); and state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the Person who has custody of the data and of the system from which the data was acquired.

d.     All maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

**ANSWER:**

## TRIPS, COMMUNICATIONS, AND HOURS OF SERVICE

3.     With respect to the trip that the Defendant DRIVER was on at the time of the Subject Collision, identify the following information:

     a.   All shippers and brokers involved;

     b.   The contents, weight, and intended recipient(s) of the load the Defendant DRIVER was hauling;

     c.   The route the Defendant DRIVER followed from the point of origin to the location of the Subject Collision and intended to follow, including the point of origin and destination, and the location, time, duration and reason for each stop Defendant DRIVER made from the time he departed until the time of the Subject Collision.

**ANSWER:**

4.     Identify and explain all Communications of any kind between the Defendant DRIVER and anyone acting for you or on your behalf  during  the 24 hours  before and after the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.
**ANSWER:**

5.     With respect to the Defendant DRIVER's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, identify all HOS violations and/or driving log errors of which You are aware, and explain what You have done, if anything, to audit or verify the accuracy of the Defendant DRIVER's logs, including the name of all Persons involved in the process, and all Documents and data of any kind that were used to accomplish same.
**ANSWER:**

6.     For the 72 hours leading up to the Subject Collision, with respect to the Defendant DRIVER, identify the following:

     a.   All driving and on-duty not driving (location and activities) hours, including all stops (time and location) and the reason for them;

     b.   When and where the Defendant DRIVER slept and/or ate meals; and

     c.   Any health issues that affected or could have affected the Defendant DRIVER's ability to drive in any way in the 72 hours leading up to the subject collision, and any medications, whether prescription or over the counter (including dosages)

that were ingested.

**ANSWER:**

## DRIVER

7.    With respect to the Defendant DRIVER, identify the following:

    a.  The relationship between you and the Defendant DRIVER at the time of the Subject Collision (e.g., leased driver, company driver, etc.), including whether said driver was operating in the course and scope of their employment/agency with you;

    b.  How the Defendant DRIVER was paid for driving (by hour, by load, by mile, salary or other);

    c.  All steps you undertook to qualify the Defendant DRIVER to operate a motor vehicle on your behalf, and all training, education (including on the job training), and disciplinary and/or counseling actions (formal or informal), provided by you or on your behalf to the Defendant DRIVER at any time and in any way related to the operation of a motor vehicle;

    d.  All traffic violations and/or motor vehicle collisions involving the Defendant DRIVER, either while in Your employ or in previous employment, including the date, location, jurisdiction, names of other parties involved a brief description of the circumstances thereof, and any assessment of fault and/or preventability/avoidability made as to same; and

    e.  When your relationship with the Defendant DRIVER began and ended, including the date and circumstances of any separation, including whether he was terminated, and the basis of any termination.

**ANSWER:**


8.    If the Defendant DRIVER had ever been disqualified from driving a motor vehicle while in your employ, describe when and under what circumstances.
**ANSWER:**


9.    State the name and address of the person answering these Interrogatories and identify his/her relationship to Defendant.
**ANSWER:**


**SIMON & SIMON, P.C.**

_____

**Christina Janda**

| | |
|---|---|
| **From:** | Christina Janda |
| **Sent:** | Monday, June 19, 2023 4:43 PM |
| **To:** | Lauren.Orner@wilsonelser.com; Maria.Perri-Quinn@wilsonelser.com |
| **Cc:** | Roman Galas |
| **Subject:** | RE: Blocker v. Dennis, et al. |
| **Attachments:** | Discovery Request Coverletter.pdf; (Donte Blocker) Request for Production of Documents to Defendant.pdf |

Good Afternoon,

Please see the attached discovery request.

Thank you,

**Christina Janda** –Paralegal
Simon & Simon, PC
**18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
Phone: 215–Go–Simon (215–467–4666)
Fax: 267–639–9006
ChristinaJanda@gosimon.com– www.gosimon.com

*NOTE: The information contained in this e-mail and any attachments are strictly confidential. If you are not the intended recipient, please notify the sender immediately and do not disclose copy or store or use the e-mail and/or attachments for any purpose.* **Please think before you print. Save the earth!**

---

**From:** Olivia McCarthy <OliviaMcCarthy@gosimon.com>
**Sent:** Thursday, June 8, 2023 11:01 AM
**To:** Lauren.Orner@wilsonelser.com; Maria.Perri-Quinn@wilsonelser.com
**Cc:** Roman Galas <RomanGalas@gosimon.com>; Christina Janda <ChristinaJanda@gosimon.com>
**Subject:** Blocker v. Dennis, et al.

Morning,

Attached please find the enclosed Interrogatories.

Thank you,

**Olivia McCarthy -** Litigation
**Simon & Simon, PC**
**\*18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
Phone: 215-Go-Simon (215-467-4666)
Fax: 267-639-9006
OliviaMcCarthy@gosimon.com - www.gosimon.com



Marc I. Simon, Esquire ♦
Michelle Skalsky-Simon, Esquire (Retired)
Joshua A. Rosen, Esquire ~
Matthew J. Zamites, Esquire ~
Brian F. George, Esquire ♦ ♦
Michael K. Simon, Esquire ~
Mary G. McCarthy, Esquire ~
Joshua D. Baer, Esquire ~
Amanda Nese, Esquire ~
Ashley Henkle, Esquire ~
Brittany Sturges, Esquire ~
Daniel Ward, Esquire ♦
Carleigh Baldwin, Esquire++
Roman Galas, Esquire ♦
Ryan Flaherty, Esquire ~
Samuel Gangemi, Esquire♦
Paraskevoula Mamounas, Esquire +++

Kane Daly, Esquire ~
Anthony Canale, Esquire ♦
Richard Santosusso, Esquire ♦
Harry Gosnear, Esquire ♦
Christopher Green, Esquire ♦
Abigail Boyd, Esquire~
Andrew Baron, Esquire~
Charles Williams, Esquire ♦
Christopher Burruezo, Esquire ♦
Jessica Thimons, Esquire ~
Sam Reznik, Esquire ~
Mackenzie Bince, Esquire++
Edward Costello, Esquire+
Katherine Rice, Esquire~
Rachel Rosenfeld, Esquire ♦
Nicole Hatton, Esquire ♦

~ Licensed in PA
♦ Licensed to practice in PA & NJ
♦ ♦ Licensed to practice in PA & MA
+ Licensed to practice in NJ
++ Licensed to practice in MA
+++ Licensed to practice in PA, NY &NJ

marcsimon@gosimon.com
www.gosimon.com

June 19, 2023

**VIA ELECTRONIC MAIL**
Salvatore A. Clemente, Esquire (salvatore.clemente@wilsonelser.com)
Jared M. Smith, Esquire (jared.smith@wilsonelser.com)
Lauren B. Plevinsky, Esquire (lauren.orner@wilsonelser.com)

RE:    ***Blocker v Amazon.com, Inc., et al;  EDPA Docket No.  2:23-cv-00629***

Counsel,

Enclosed, please find Plaintiff's discovery requests to Defendants. Kindly respond to same within the time period provided by the Federal Rules of Civil Procedure.

Respectfully,

Roman T. Galas, Esquire

SIMON & SIMON, P.C.

RGA/cj

ADDITIONAL OFFICES
PHILADELPHIA |2 Logan Square | Suite 300 | Philadelphia, PA 19103 | Tel: (215) 467-4666
CAMDEN |401 Market Street | PO Box 807 | Camden, NJ 08101 | Tel: (856) 457-6393
PITTSBURGH | 500 Grant Street | Suite 2900 | Pittsburgh, PA 15219 | Tel: (412) 360-7257
ERIE | 1001 State Street | Suite 1400 | Erie, PA 16501 | Tel: (814) 240-5190
BOSTON | 100 Cambridge St | 14ᵗʰ Floor | Boston, MA 02114 | Tel: (857) 233-0559

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONTE BLOCKER, | : | |
| | : | |
| Plaintiff, | : | No. 2:23-cv-00629-CFK |
| v. | : | |
| | : | |
| AMAZON.COM, INC. d/b/a AMAZON | : | |
| FLEX, AMAZON.COM SERVICES LLC | : | |
| f/k/a AMAZON FULFILLMENT | : | |
| SERVICES, INC., and AMAZON | : | |
| LOGISTICS, INC., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REQUEST FOR PRODUCTION
OF DOCUMENTS ADDRESSED TO DEFENDANT**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Donte Blocker hereby serves the following Request for Production of Documents upon Defendants. Defendants are to produce the documents and items identified and specified below for inspection and copying within thirty (30) days from the date of service.

**I.  DEFINITIONS**

Plaintiff(s) herein incorporates the definitions section in the Interrogatories directed to Defendant(s) which were served simultaneously with these Requests.

**II.  RULES OF CONSTRUCTION**

In construing these discovery requests:

A.  The singular shall include the plural and plural shall include the singular.

B.  A masculine, feminine or neuter pronoun includes the other genders.

C.  "And" and "or" shall be construed both conjunctively and disjunctively to bring within the scope of the interrogatory any information which might otherwise be construed to be beyond its scope.

D.  The past tense includes the present tense where the meaning is not distorted by a change of time.

E. The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated.  Note, this request is continuing up to and at the time of trial.

## III. INSTRUCTIONS

A.  In producing the documents called for by this Request, segregate those documents in their original file folders into separate folders or boxes (as appropriate) numbered to correspond to the particular requests calling for their production.  Insofar as reasonably possible, you are requested to maintain the integrity of any applicable filing and recordkeeping system by producing together any documents responsive to this Requests that are found together in the files.

B.  If you do not respond to a document request, in whole or in part, because of a claim of privilege, set forth: the privilege claim; the facts upon which you rely to support the claim of privilege; and identify all documents for which such privilege is claimed.  In particular, if you refuse to produce a document because of a claim of attorney-client privilege, identify: the author or the other persons who prepared or generated the document; the capacity in which that person was acting when he or she produced the document; all recipients of the document; and the subjects or topics discussed in the document.

C.  If you maintain that any document or record was, but is no longer in existence, in your possession or subject to your control, state whether it

    1.  is missing or lost;

    2.  has been destroyed;

    3.  has been transferred, voluntarily or involuntarily to others; or

4.  has been otherwise disposed of.

In each instance, set forth: the contents of the document; the location of any copies of the document; and the circumstances surrounding its disposition, stating the date of its disposition, any authorization therefore, the persons responsible for such disposition, and the policy, rule, order or other authority by which such disposition is made.

D.   Along with your responses to each of the below-numbered document requests, (a) list and identify each person who participated in or supplied information with respect to the preparation of the response to such document requests, and (b) specify whether each such person supplied relevant information, participated in the preparation of the response, or both.  If the response to any document request contains information supplied by more than one person, specify the particular information supplied by each such person.

E.   This Request shall be deemed continuing, so as to require the production of any additional documents obtained between the time you serve your responses and the time of trial.  Such additional documents shall be served not later than ten (10) days after they are obtained or before trial, whichever is earlier.

F.   You are cautioned that at the close of discovery, Plaintiff may move to exclude any documents or materials not disclosed or produced in your responses to this Request.

## PLAINTIFF'S REQUEST FOR PRODUCTION
## <u>OF DOCUMENTS ADDRESSED TO DEFENDANT</u>

1.     The entire claims and investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager, internal memorandum regarding this claim created, sent and/or received by any insurance adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an agent/employee of the Defendant(s), or potential parties, request(s) for investigation, and/or reports/findings of investigators, both in-house and/or independent and/or all insurance policies of the Defendant(s), excluding references to mental impressions, conclusions, or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications from counsel.

2.     All documents, writings drawings, graphs, charts, photographs,  videotapes, phono-records, tape recordings, things and other compilations of data (hereinafter called "documents") in the custody, control or possession of the Defendant(s), its/their attorney, insurer or other agent or representative, regarding the investigation of Plaintiff's(s') claim and/or incident set forth in Plaintiff's(s') Complaint, including, but not limited to, documents relating to the scene of the accident, injuries, property damage, parties or other subject matter relevant to this litigation.

3.     All statements and communications of any and all witnesses including any and all statements of Plaintiff(s) and Defendant(s), including taped recordings, whether transcribed or not, as well as all written statements.

4.     The name, home and business address of the insurance carrier Investigators employed by the Defendant(s) or its insurance carrier to investigate this claim, treatment of the Plaintiffs, witnesses, or any other aspect of the incidents that form the basis of Plaintiff's(s') Complaint. Also, attach any documents, records or communications of or prepared by the investigator acquired as a result of their investigation(s), including but not limited to telephone calls, correspondence, facsimiles, e-mail, billing, inspections or observations, interviews, statements and/or findings.

5.     The name, home and business address, background and qualifications of any and all persons in the employ of Defendant(s), who in *anticipation* and/or *preparation* of litigation, is expected to be called to trial.

6.     Any and all documents and communications containing the name and home and business addresses of all individuals contacted as *potential* witnesses.

7.     Each statement made by a party or witness.  For purposes of this request, "statement" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic mechanical, electrical or other recording, or a transcript thereof, which is substantially a verbatim recital of an oral statement by the person making it and contemporaneously recorded.

8.     Reports, communications, and/or documents prepared by any and all experts who *will* testify or whose reports will be submitted at trial.

9.     Reports, manuals, textbooks, policy sheets or other documents, or communications which any said expert, potential expert, witness or potential witness has consulted or reviewed as a *result* or in *preparation* of this litigation or *will* consult or review.

10.    Resumes and qualifications of any and all experts who *will* testify or whose reports will be submitted at trial.

11.    Any and all documents and communications substantiating any defense to Plaintiff's(s') cause of action.

12.    Copies of any and all reports and records prepared by and physician, hospital or healthcare provider who has examined Plaintiff(s) *excluding* those actually provided by counsel for Plaintiffs.

13.    Central indexing information on Plaintiff, and any and all Defendant(s) or employees of

the Defendant(s) for this alleged accident, alleged prior accident(s), and alleged subsequent accident(s).

14.     Verification of the policy limits for liability benefits, medical payments and any "umbrella" or excess benefits, including a copy of the policy, including applicable policy declarations page.

15.     Copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s).

16.     Any and all reports, communications and/or documents prepared by Defendant(s) or their employee(s)/agent(s) containing the facts, circumstances and causes of the alleged accident.

17.     The name and address of the manager of Defendant's(s') claim office located at the place where Plaintiff's(s') medical bills and reports were submitted to.

18.     Any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff's(s') Complaint and/or the facts or circumstances leading up to and following said incident.

19.     All property damage estimates rendered for any object belonging to the Plaintiff(s) and/or Defendant(s) which was involved in this alleged accident.

20.     Any and all bills and/or summaries of expenses or costs relating to injuries, treatment, property damage or other economic loss of any kind which was incurred by Defendant(s).

21.     Any and all press releases concerning this alleged accident or any incident relating to this lawsuit.

22.     Federal, state and local annual, quarterly, and monthly tax returns or other filings with the IRS including, but not limited to, deposit coupons, sales and use tax filings, estimated payment tax forms and itemized deductions regarding the subject premises of the Defendant(s) named herein.

23.     Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

24.     Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff, any other party to this action, the incident, incident site and/or instrumentally involved in the incident described in Plaintiff's(s') Complaint.

25.     All documents and/or communications relating to any facts on the basis of which it is asserted that the conduct of the Plaintiff(s) contributed to the happenings of the alleged occurrence or to the alleged injuries or losses suffered allegedly as a result of this accident.

26.     Any and all documents of any nature whatsoever referred to in Defendant's(s') Answers to Plaintiff's(s') Interrogatories.

27.     Any and all documents, exhibits of any kind, or other things discoverable pursuant to the Pennsylvania Rules of Civil Procedure which Defendant(s) presently or in the future intend to introduce into evidence at time of trial.

28.     If the native or original format of any of the documents, photographs, etc. referred to in the above requests for production is not in the possession of the Defendant(s) or Defendant's(s') agents but is available in a digital format such as a gif jpeg pdf or other file format, Defendant(s) is hereby requested to produce either a disc (floppy, cd or dvd) or email (to intake@gosimon.com) containing the native digital files for said document.

SIMON & SIMON, P.C.

_____
Roman T. Galas, Esquire

## <u>CERTIFICATE OF SERVICE</u>

I, Roman T. Galas, Esquire, attorney for Plaintiff(s), certify that the foregoing Plaintiff's(s') Discovery Requests were served on June 19, 2023, upon the following:

*ALL counsel for defendants via electronic mail*

_____
Roman T. Galas, Esquire
*Attorney for Plaintiff*

# EXHIBIT B

## Christina Janda

| | |
|---|---|
| **From:** | Orner, Lauren B. <Lauren.Orner@wilsonelser.com> |
| **Sent:** | Monday, August 21, 2023 5:23 PM |
| **To:** | Roman Galas; Perri-Quinn, Maria |
| **Cc:** | Spence, Beth; Christina Janda |
| **Subject:** | RE: Blocker v. Dennis, et al. |

Yes, I did see that requirement.  I plan to confirm.  Thank you for the heads up.

---

**From:** Roman Galas [mailto:RomanGalas@gosimon.com]
**Sent:** Monday, August 21, 2023 5:22 PM
**To:** Orner, Lauren B. <Lauren.Orner@wilsonelser.com>; Perri-Quinn, Maria <maria.perri-quinn@wilsonelser.com>
**Cc:** Spence, Beth <Beth.Spence@wilsonelser.com>; Christina Janda <ChristinaJanda@gosimon.com>
**Subject:** RE: Blocker v. Dennis, et al.

> **EXTERNAL EMAIL** This email originated from outside the organization.

I think under your read, responses might never be due if the Court doesn't set a Rule 16 (tho as you saw, I did as the Court about that -- friendly heads up, the Order says both sides need to confirm by noon on this Wed that they read/understood the Order).

Either way, take 30 days. Please be timely since we are apparently on a very abbreviated timeframe.

**Roman T. Galas, Esquire**
**Simon & Simon, PC**
**18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
Phone: 215–Go–Simon (215–467–4666)
Direct: 215–987–6621
Fax: 267–639–9006

romangalas@gosimon.com -  www.gosimon.com

*NOTE: The information contained in this e-mail and any attachments are strictly confidential. If you are not the intended recipient, please notify the sender immediately and do not disclose copy or store or use the e-mail and/or attachments for any purpose.* **Please think before you print. Save the earth!**



**From:** Orner, Lauren B. <Lauren.Orner@wilsonelser.com>
**Sent:** Monday, August 21, 2023 5:14 PM
**To:** Roman Galas <RomanGalas@gosimon.com>; Perri-Quinn, Maria <maria.perri-quinn@wilsonelser.com>
**Cc:** Spence, Beth <Beth.Spence@wilsonelser.com>; Christina Janda <ChristinaJanda@gosimon.com>
**Subject:** RE: Blocker v. Dennis, et al.

26(d).

---

**From:** Roman Galas [mailto:RomanGalas@gosimon.com]
**Sent:** Monday, August 21, 2023 5:09 PM
**To:** Orner, Lauren B. <Lauren.Orner@wilsonelser.com>; Perri-Quinn, Maria <maria.perri-quinn@wilsonelser.com>
**Cc:** Spence, Beth <Beth.Spence@wilsonelser.com>; Christina Janda <ChristinaJanda@gosimon.com>
**Subject:** RE: Blocker v. Dennis, et al.

> **EXTERNAL EMAIL** This email originated from outside the organization.

What rule is that?

**Roman T. Galas, Esquire**
**Simon & Simon, PC**
**18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
Phone: 215-Go-Simon (215-467-4666)
Direct: 215-987-6621
Fax: 267-639-9006
romangalas@gosimon.com -  www.gosimon.com

*NOTE: The information contained in this e-mail and any attachments are strictly confidential. If you are not the intended recipient, please notify the sender immediately and do not disclose copy or store or use the e-mail and/or attachments for any purpose.* **Please think before you print. Save the earth!**



---

**From:** Orner, Lauren B. <Lauren.Orner@wilsonelser.com>
**Sent:** Monday, August 21, 2023 5:04 PM
**To:** Roman Galas <RomanGalas@gosimon.com>; Perri-Quinn, Maria <maria.perri-quinn@wilsonelser.com>
**Cc:** Spence, Beth <Beth.Spence@wilsonelser.com>; Christina Janda <ChristinaJanda@gosimon.com>
**Subject:** RE: Blocker v. Dennis, et al.

Roman,

Under the Rules, discovery is not deemed to be served until the Rule 16 Conference.  There was no Rule 16 conference, so technically, the date of service is today.

---

**From:** Roman Galas [mailto:RomanGalas@gosimon.com]
**Sent:** Monday, August 21, 2023 4:57 PM
**To:** Orner, Lauren B. <Lauren.Orner@wilsonelser.com>; Perri-Quinn, Maria <maria.perri-quinn@wilsonelser.com>
**Cc:** Spence, Beth <Beth.Spence@wilsonelser.com>; Christina Janda <ChristinaJanda@gosimon.com>
**Subject:** RE: Blocker v. Dennis, et al.

> **EXTERNAL EMAIL** This email originated from outside the organization.

Lauren -- that's true, but it's been more than 70 days since we served them.

**Roman T. Galas, Esquire**
**Simon & Simon, PC**
**18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
Phone: 215-Go-Simon (215-467-4666)
Direct: 215-987-6621
Fax: 267-639-9006
romangalas@gosimon.com -  www.gosimon.com

*NOTE: The information contained in this e-mail and any attachments are strictly confidential. If you are not the intended recipient, please notify the sender immediately and do not disclose copy or store or use the e-mail and/or attachments for any purpose.* **Please think before you print. Save the earth!**



---

**From:** Orner, Lauren B. <Lauren.Orner@wilsonelser.com>
**Sent:** Monday, August 21, 2023 4:56 PM
**To:** Roman Galas <RomanGalas@gosimon.com>; Perri-Quinn, Maria <maria.perri-quinn@wilsonelser.com>
**Cc:** Spence, Beth <Beth.Spence@wilsonelser.com>; Christina Janda <ChristinaJanda@gosimon.com>
**Subject:** RE: Blocker v. Dennis, et al.

Roman,

I am not going to be able to turn these around in 2 weeks.  Under the Rules, we have 30 days to answer.  I will work on the Rule 26 Disclosures.

---

**From:** Roman Galas [mailto:RomanGalas@gosimon.com]
**Sent:** Monday, August 21, 2023 4:50 PM
**To:** Orner, Lauren B. <Lauren.Orner@wilsonelser.com>; Perri-Quinn, Maria <maria.perri-quinn@wilsonelser.com>

**Cc:** Spence, Beth <Beth.Spence@wilsonelser.com>; Christina Janda <ChristinaJanda@gosimon.com>
**Subject:** FW: Blocker v. Dennis, et al.

> **EXTERNAL EMAIL** This email originated from outside the organization.

Lauren – circling back, with the Court's order in hand, I have to insist that we get responses to these requests in the next 14 days, and we'll need to then look at getting depos scheduled.

**Roman T. Galas, Esquire**
**Simon & Simon, PC**
**18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
Phone: 215–Go–Simon (215–467–4666)
Direct: 215–987–6621
Fax: 267–639–9006
romangalas@gosimon.com  -  www.gosimon.com

*NOTE: The information contained in this e-mail and any attachments are strictly confidential. If you are not the intended recipient, please notify the sender immediately and do not disclose copy or store or use the e-mail and/or attachments for any purpose.* **Please think before you print. Save the earth!**



---

**From:** Olivia McCarthy
**Sent:** Thursday, June 8, 2023 11:01 AM
**To:** Lauren.Orner@wilsonelser.com; Maria.Perri-Quinn@wilsonelser.com
**Cc:** Roman Galas <RomanGalas@gosimon.com>; Christina Janda <ChristinaJanda@gosimon.com>
**Subject:** Blocker v. Dennis, et al.

Morning,

Attached please find the enclosed Interrogatories.

Thank you,

**Olivia McCarthy -** Litigation
**Simon & Simon, PC**
**\*18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
Phone: 215-Go-Simon (215-467-4666)
Fax: 267-639-9006
OliviaMcCarthy@gosimon.com -  www.gosimon.com

# EXHIBIT C

**Christina Janda**
_____

**Subject:**                          FW: Donte Blocker v. Karla Dennis and Amazon, EDPA 2:23-cv-00629-CFK

_____

**From:** Roman Galas <RomanGalas@gosimon.com>
**Sent:** Monday, September 25, 2023 9:43 PM
**To:** Orner, Lauren B. <Lauren.Orner@wilsonelser.com>
**Cc:** Clemente, Salvatore A. <Salvatore.Clemente@wilsonelser.com>; Patterson, Allison <Allison.Patterson@wilsonelser.com>; Perri-Quinn, Maria <maria.perri-quinn@wilsonelser.com>; Christina Janda <ChristinaJanda@gosimon.com>
**Subject:** Re: Donte Blocker v. Karla Dennis and Amazon, EDPA 2:23-cv-00629-CFK

Soon. When will I get yours to my requests that have been pending for 100 days now?

Roman

Sent from my iPhone

> On Sep 25, 2023, at 9:33 PM, Orner, Lauren B. <Lauren.Orner@wilsonelser.com> wrote:

> Roman,

> When can we expect Plaintiff's responses to discovery, which were due September 20th?  Please advise.

> **From:** Roman Galas <RomanGalas@gosimon.com>
> **Sent:** Monday, September 25, 2023 2:08 PM
> **To:** Orner, Lauren B. <Lauren.Orner@wilsonelser.com>
> **Cc:** Clemente, Salvatore A. <Salvatore.Clemente@wilsonelser.com>; Patterson, Allison <Allison.Patterson@wilsonelser.com>; Perri-Quinn, Maria <maria.perri-quinn@wilsonelser.com>; Christina Janda <ChristinaJanda@gosimon.com>
> **Subject:** RE: Donte Blocker v. Karla Dennis and Amazon, EDPA 2:23-cv-00629-CFK

> **EXTERNAL EMAIL** This email originated from outside the organization.

> Lauren – what is status of your discovery responses? When we last discussed, you were going to get me responses – to requests served early June -- in 30 days from August 21.

> **Roman T. Galas, Esquire**
> **Simon & Simon, PC**
> **18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
> Phone: 215-Go-Simon (215-467-4666)
> Direct: 215-987-6621
> Fax: 267-639-9006

> romangalas@gosimon.com -  www.gosimon.com

NOTE: The information contained in this e-mail and any attachments are strictly confidential. If you are not the intended recipient, please notify the sender immediately and do not disclose copy or store or use the e-mail and/or attachments for any purpose. **Please think before you print. Save the earth!**

# EXHIBIT D

**Christina Janda**

| | |
|---|---|
| **From:** | Roman Galas |
| **Sent:** | Tuesday, October 3, 2023 2:38 PM |
| **To:** | Orner, Lauren B.; Clemente, Salvatore A. |
| **Cc:** | Patterson, Allison; Perri-Quinn, Maria; Christina Janda |
| **Subject:** | RE: Donte Blocker v. Karla Dennis and Amazon, EDPA 2:23-cv-00629-CFK |

Lauren – we will be filing motion to compel Amazon's responses in the next 48 hours. Not withstanding your reliance on Rule 26, Judge Kenney's policies specifically states that "Parties should begin discovery as soon as permitted under the relevant Rules, without waiting for the Rule 16 conference to be held," and that discovery requests were to be "either answered or soon to be answered by the time of the Rule 16 conference." So he's not going to take kindly to Amazon's self-allotted indefinite extension to Plaintiff's initial requests.

Friendly heads up that additional Requests for Production are being served this week.

Last, at your request, I sent you a demand that I'd hoped would spur some discussion. It's been 2 weeks now, I've got radio silence.

**Roman T. Galas, Esquire**
**Simon & Simon, PC**
**18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
Phone: 215–Go–Simon (215–467–4666)
Direct: 215–987–6621
Fax: 267–639–9006
romangalas@gosimon.com - www.gosimon.com

*NOTE: The information contained in this e-mail and any attachments are strictly confidential. If you are not the intended recipient, please notify the sender immediately and do not disclose copy or store or use the e-mail and/or attachments for any purpose.* **Please think before you print. Save the earth!**



# EXHIBIT E

**Christina Janda**

| | |
|---|---|
| **From:** | Roman Galas |
| **Sent:** | Friday, October 6, 2023 11:57 AM |
| **To:** | Orner, Lauren B.; Clemente, Salvatore A. |
| **Cc:** | Patterson, Allison; Perri-Quinn, Maria; Christina Janda |
| **Subject:** | RE: Donte Blocker v. Karla Dennis and Amazon, EDPA 2:23-cv-00629-CFK |

Lauren – couple things. First, courtesy heads up, we will be filing a motion to compel Amazon's discovery responses today.

Second, I did receive in a roundabout way your notice of intent to issue subpoenas. It is crucial that they be sent directly to my attention, ideally to my email address which the vendor should have.

Third, substantively, note my objection to the timeframe in the subpoenas, "from the first date Mr. Blocker presented to the present." I cannot agree to such an indefinite timeframe. I can, however, agree to 10 years from today.

Roman T. Galas, Esquire
Simon & Simon, PC
**18 Campus Blvd. Suite 100 – Newtown Square, PA 19073**
Phone: 215-Go-Simon (215-467-4666)
Direct: 215-987-6621
Fax: 267-639-9006
romangalas@gosimon.com - www.gosimon.com

*NOTE: The information contained in this e-mail and any attachments are strictly confidential. If you are not the intended recipient, please notify the sender immediately and do not disclose copy or store or use the e-mail and/or attachments for any purpose.* **Please think before you print. Save the earth!**

